UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENNETT BLUMENKOPF, Executor :
of the Estate of Lola Blumenkopf, :
    :
        Plaintiff, :
    :
v. : NO. 3:08 CV 457 (MRK)
    :
KEVIN E. CONBOY, :
    :
        Defendant. :

**RULING AND ORDER**

Connecticut law, which governs this diversity action, has special rules regarding medical malpractice actions that were enacted "to discourage the filing of baseless lawsuits against health care providers." *LeConche v. Elligers*, 215 Conn. 701, 710-11 (1990). Section 52-190a(a) of the Connecticut General Statutes provides that "[n]o civil action . . . shall be filed" to recover damages on a medical negligence claim unless the attorney or plaintiff "has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Conn. Gen. Stat. § 52-190a(a). The statute also requires a medical malpractice plaintiff to attach to the "initial pleading" a certificate of the attorney or party filing the action "that reasonable inquiry gave rise to a good faith belief that grounds exist for" the action. *Id.* To demonstrate that such a good faith inquiry was conducted, the Connecticut Legislature amended the law in 2005 to require the plaintiff to attach to the complaint a "written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion." 2005 Conn.

1

Acts 275 (amending Conn. Gen. Stat. 52-190a(a)).[1]  Finally and importantly for the present motion, the statute states that the "failure to obtain and file the written opinion" of a similar health care provider "shall be grounds for the dismissal of the action."  Conn. Gen. Stat. § 52-190a(c).  As the Connecticut Appellate Court held recently, "[t]he plain language of this new statutory subsection . . . expressly provides for dismissal of an action when a plaintiff fails to attach a written opinion of a similar health care provider to the complaint, as required by 52-190a(c)."  *Rios v. CCMC Corp.*, 106 Conn. App. 810, 822 (App. Ct. 2008).[2]

The Executor of Ms. Blumenkopf's Estate filed this single-count medical malpractice case against Ms. Blumenkopf's former physician in April 2008.  No certificate of counsel or opinion of a similar health care provider was attached to the initial Complaint [doc. # 1], though paragraph 17

---

[1] Speaking on the Senate floor in support of the 2005 amendment, Senator Andrew J. McDonald, the Senate chairman of the judiciary committee, stated that the provision being enacted into law "makes substantial improvements over the current system because it would require that [a] report be in writing and presented in a detailed fashion, and a copy of that report, with the name of the doctor supplying it expunged, would be attached to the complaint as an exhibit. The failure to attach such an opinion would require the court to dismiss the case."  48 S. Proc., Pt. 14, 2005 Sess., at 4411; *see also Rios v. CCMC Corp.*, 106 Conn. App. 810, 822 n.9 (2008).

[2] The parties do not dispute that the requirements of Conn. Gen. Stat. § 52-190a apply to diversity actions in federal court.  In deciding whether to apply state law requirements in diversity cases, federal courts must keep in mind the twins goals of "discouragement of forum-shopping and avoidance of inequitable administration of the laws."  *Hanna v. Plumer*, 380 U.S. 460, 468 (1965); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001);  *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006)("[A] court should ask whether the application of the [state] rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against the citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.")(quotation marks omitted)).  The Court has no doubt that if federal courts did not apply the requirements of Conn. Gen. Stat. § 52-190a, litigants would be more likely to bring medical malpractice suits in federal court.  Other courts in this district have agreed.  *See, e.g.*, *Rzayeva v. United States*, 492 F. Supp. 2d 60, 84-85 (D. Conn. 2007) (dismissing medical malpractice claim for failure to satisfy requirements of Conn. Gen. Stat. § 52-190a).

2

of the Complaint stated that the undersigned counsel had made a reasonable inquiry to determine that there were grounds for a good faith belief that there was negligence in the care of Ms. Blumenkopf. On June 12, 2008, the Court held a scheduling conference with the parties and *sua sponte* raised with Plaintiff's counsel the fact that no medical opinions were attached to the Complaint. Plaintiff's counsel said he would promptly file an amended complaint to correct that oversight. On July 1, 2008, Plaintiff's counsel filed an Amended Complaint [doc. # 11] and attached the reports of three physicians, whose names were redacted as required by statute.

Thereafter, Dr. Conboy filed a Motion to Dismiss [doc. # 15] the Amended Complaint on two independent grounds: (1) the original Complaint failed to include the required opinion and certificate, thereby depriving this Court of jurisdiction to consider the Amended Complaint; and (2) the reports attached to the Amended Complaint do not comply with the requirements of Conn. Gen. Stat. § 52-190a(a). The Court need not, and does not, decide whether a plaintiff can amend a complaint to add the certificate and opinions required by Connecticut law. That is a question for another day. For even if Plaintiff were permitted to add the required certificate and opinions by way of an amended complaint, the reports attached to the Amended Complaint do not comply with Conn. Gen. Stat. § 52-190a(a). Therefore, the Court grants Dr. Conboy's Motion to Dismiss.

As noted by the Connecticut Appellate Court in *Rios*, the language of § 52-190a(a) is "plain and unambiguous." 106 Conn. App. at 822 n.9. The statute requires a medical malpractice plaintiff to attach to the complaint "a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion." Conn. Gen. Stat. § 52-190a(a). As several Connecticut Superior Courts have noted, the opinion required by § 52-190a(a) need not "exhaust the subject matter or be exquisitely

3

precise in detail." *Figueroa v. Donahue*, No. HHBCCV075003920, 2007 Conn. Super. LEXIS 2497, at * 7 (Sup. Ct. Sept. 19, 2007); *see also Walton v. Caffrey*, No. CV065000857S, 2007 Conn. Super. LEXIS 1098, at * 11 (Super. Ct. May 4, 2007) (Plaintiff is not required to supply the defendant "with every single detail that one would normally obtain after conducting discovery."). Nevertheless, the statute requires the plaintiff to attach an "opinion" stating that there appears to be evidence of medical malpractice and providing a "detailed basis for the formation of that opinion." Conn. Gen. Stat. § 52-190a(a). And Connecticut Superior Courts have consistently insisted on compliance with these provisions. *See, e.g., Malizia v. Zarif*, No. CV075006578S, 2008 Conn. Super. LEXIS 1150, at * 8 (Conn. Super. Ct. May 1, 2008) (dismissing case because opinion letter "provides no illumination as to what is the standard of care or on what basis it was violated"); *Figueroa*, HHBCV075003920, 2007 Conn. Super. LEXIS 2497, at * 6 (stating that the statute requires that "there be some basis . . . upon which one could conclude that the person rendering the opinion was qualified to state such an opinion and had a basis for such opinion"); *Landry v. Zborowski*, 44 Conn. L. Rptr. 5, 57 (Super. Ct. Aug. 21, 2007) ("[S]ubsection (a) requires a detailed opinion, not a conclusory opinion."); *McQuillen v. Connecticut Fertility Assoc., Inc.*, No. CV065002262S, 2007 Conn. Super LEXIS 898, at *7 (Super. Ct. Apr. 10, 2007) (dismissing case because the opinion "makes no reference to negligent medical care, any deviation from the standard of care or any language that can reasonably be inferred to suggest medical negligence").

In this case, the reports that Plaintiff attached to the Amended Complaint appear to be treatment records of Ms. Blumenkopf when she was alive and after she had been seen by Dr. Conboy. As Plaintiff's counsel confirmed during an on-the-record telephonic conference on September 4, 2008, no "opinion" is attached to the Amended Complaint. Nor do any of the three

4

reports state what standard of care was at issue or whether it was violated. Indeed, there is no reference to Dr. Conboy in any of the reports, and as a consequence, none of them states that Dr. Conboy appears to have committed medical malpractice, as required by the Connecticut statute.

During the telephonic conference with the Court, Plainitff's lawyer repeatedly argued that there are "indications" in the treatment records that Ms. Blumenkopf suffered from severe aortic stenosis dating back several years and that Dr. Conboy had either failed to uncover that condition or negligently overlooked it. But the treatment records are not as clear as counsel contends. In fact, one of the reports attached to the Amended Complaint states that Ms. Blumenkopf was suffering from only "mild aortic stenosis." And most of the reports describe Ms. Blumenkopf as a "complex" patient suffering from multiple maladies. Even the statement on which counsel places most reliance concludes that "the information [regarding severe aortic stenosis] was either not considered to be significant or overlooked," without any indication whether either of these suppositions would violate the relevant standard of care.

More importantly, neither Plaintiff's counsel nor this Court are "similar health care providers" to Dr. Conboy, so it is irrelevant what we may think about what these treatment records indicate or suggest. Connecticut law requires more than counsel's good faith belief, based on treatment records, that malpractice occurred. Instead, it requires an assessment of those records by a similar health care provider, *not* a lawyer, before a lawsuit is brought, and it requires the plaintiff to attach the similar health care provider's written opinion to the complaint. The treatment records attached to the Amended Complaint do not come even close to satisfying these statutory requirements; as previously noted, the reports do not even mention Dr. Conboy's name, let alone opine that he committed malpractice. Indeed, during the telephonic conference, Plaintiff's lawyer represented that

he had obtained an opinion of a cardiologist that Dr. Conboy committed medical malpractice, but counsel acknowledged that none of the reports attached to the Amended Complaint was authored by this unidentified cardiologist and that the opinion he obtained is not attached to the Amended Complaint.

Because the treatment records attached to the Amended Complaint do not satisfy the requirements of Conn. Gen. Stat. § 52-190a(a) and because that statute provides that the "failure to obtain *and file*" the required written opinion is grounds for dismissal, the Court **GRANTS** Dr. Conboy's Motion to Dismiss [doc. # 15]. **The Clerk is directed to enter a judgment of dismissal and to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: September 5, 2008.**